IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHELLE NICOLE ROGERS

v. : Civil Action No. DKC 16-3133
Criminal Case No. DKC 14-0463

UNITED STATES OF AMERICA

**MEMORANDUM OPINION**

Petitioner Nichelle Nicole Rogers filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, seeking a reduction in her sentence based on a sentencing guideline amendment adopted after her sentencing. For the following reasons, the motion will be denied.

Petitioner was sentenced on March 23, 2015, to a 54 month term of imprisonment, consecutive to a sentence she was already serving or commencing June 4, 2016, whichever first occurred. She did not appeal. On September 19, 2016, the court received for filing the Motion dated September 15, 2016. Petitioner seeks a reduction in her guideline range, and a resentencing, based on Amendment 794 which affects Section 3B1.2 of the guidelines. As recently discussed by another district judge in denying a similar motion:

> Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2, which addresses a mitigating role in the offense.[1] *United States v. Donis-Galan*, No. 15-11209, 2016 WL

1238205, at *2 n.2 (11th Cir. March 30, 2016). Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should look at when determining whether or not to apply a mitigating role adjustment.[2] *United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, at *4 (5th Cir. July 5, 2016). Amendment 794 also provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id*. Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guideline amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed. *United States v. Perez-Carrillo*, No. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016).

[1] The effective date of Amendment 794 was November 1, 2015. U.S.S.G. app. C., amend 794, at 118 (Supp. Nov. 1, 2015).

[2] The factors are "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity"; and "(v) the degree to which the defendant stood to benefit from the criminal activity." See U.S.S.G. app. C, amend. 794, at 116 (Supp. Nov. 1, 2015).

*Kidwell v. United States*, No. 5:12-CR-00351-F-15, 2016 WL 5957561, at *2 (E.D.N.C. Oct. 13, 2016). Thus, Petitioner is not entitled to relief, whether considered under 28 U.S.C. § 2255 or 18 U.S.C. § 3582, and the motion will be denied by separate order.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Upon review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, the court will decline to issue a

certificate of appealability on the issues which have been resolved against Petitioner.

A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge